

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR - 9 2020

CLERK, U.S. DISTRICT COURT
By_____
Deputy

DANIEL ARMONDO TROJANOWSKI,   §
                             §
        Plaintiff,            §
                             §
VS.                           §   NO. 4:20-CV-002-A
                             §
SHERIFF TARRANT COUNTY, ET AL.,§
                             §
        Defendants.           §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant Officer

Fidel Vasquez ("Vasquez") for summary judgment. Plaintiff,

Daniel Armondo Trojanowski, has failed to respond to the motion,

which is ripe for ruling. The court, having considered the

motion, the record, and applicable authorities, finds that the

motion should be granted.

I.

### Plaintiff's Claims

On January 1, 2020, plaintiff filed his complaint in this

case. Doc.[1] 1. By order signed January 21, 2020, the court

spelled out the rules for pleading in federal court and required

that plaintiff file an amended complaint stating with

particularity as to each defendant all the material facts

necessary to establish his right to recover against that

---

[1] The "Doc. __" reference is to the number of the item on the docket in this case.

defendant. Doc. 10. On February 20, 2020, plaintiff filed his amended complaint. Doc. 13. By order signed February 21, 2020, the court ordered that the claims against all defendants except Vasquez be dismissed.[2] Doc. 14. The court ordered service of the amended complaint, id., and Vasquez answered. Doc. 19.

The basis for plaintiff's claims against Vasquez is that Vasquez was present for an assault on plaintiff by another inmate at the Tarrant County Jail and allowed the other inmate to severely beat plaintiff, placing him in a coma. Doc. 13 at 4.

II.

## Grounds of the Motion

On March 13, 2020, Vasquez filed his motion for summary judgment, Doc. 20, brief in support, Doc. 21, and appendix. Docs. 22-24. Vasquez maintains that plaintiff's claims must be dismissed (1) for want of exhaustion of administrative remedies, and (2) because Vasquez is entitled to qualified immunity.

III.

## Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact

---

[2] The order provided that the dismissal of the claims against all defendants except Vasquez be made final. Doc. 14. The court signed a final judgment as to those defendants. Doc. 15. Plaintiff did not appeal from that judgment.

and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried his burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986).

3

IV.

Analysis

A. <u>Exhaustion of Remedies</u>

The Prison Litigation Reform Act provides that no action shall be brought by a prisoner until administrative remedies are exhausted. 42 U.S.C. § 1997e(a). The Fifth Circuit applies a strict approach to exhaustion of remedies. <u>Dillon v. Rogers</u>, 596 F.3d 260, 268 (5th Cir. 2010). An inmate must not only pursue all available avenues of relief but must also comply with all administrative deadlines and procedural rules. <u>Lindsey v. Striedel</u>, 486 F. App'x 449, 452 (5th Cir. 2012)(<u>per curiam</u>)(citing <u>Woodford v. Ngo</u>, 548 U.S. 81, 90-91 (2006)).

The record establishes that plaintiff failed to submit a grievance regarding the alleged acts or omissions of Vasquez. His failure to do so prevents him from pursuing this case. <u>Gonzales v. Seal</u>, 702 F.3d 785, 788 (5th Cir. 2012); <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001). Accordingly, dismissal is appropriate. <u>Markham v. Glover</u>, No. 4:16-CV-388-O, 2017 WL 11476610, at *3 (N.D. Tex. Sept. 20, 2017); <u>Cornstubble v. Tarrant Cty.</u>, No. 4:13-CV-335-A, 2013 WL 3798073, at *3-4 (N.D. Tex. July 22, 2013).

B. <u>Qualified Immunity</u>

Qualified immunity protects government officials from suit

4

and liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). When a defendant asserts qualified immunity in a motion for summary judgment, the burden shifts to the plaintiff to show that the defense is not available. Kovacic v. Villarreal, 628 F.3d 209, 211 (5th Cir. 2010). To overcome the qualified immunity defense, the plaintiff must establish that material fact issues exist about whether (1) the defendant violated a statutory or constitutional right, and (2) the right was clearly established at the time of the challenged conduct. Cass v. City of Abilene, 814 F.3d 721, 728 (5th Cir. 2016); Brown v. Callahan, 623 F.3d 249, 253 (5th Cir. 2010).

In this case, because plaintiff was a pretrial detainee, his claims arise under the Due Process Clause of the Fourteenth Amendment, which places a duty on jailers to protect him from harm during confinement. Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir. 1996)(en banc). And, because this is an episodic act or omission, plaintiff must show that Vasquez acted with deliberate indifference to plaintiff's rights. Id., 74 F.3d at 636 (citing Farmer v. Brennan, 511 U.S. 825 (1994)). Deliberate indifference is established by showing that Vasquez was aware of

facts from which an inference of excessive risk to plaintiff's health or safety could be drawn, and that Vasquez actually drew that inference. Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001). "Deliberate indifference is a degree of culpability beyond mere negligence or gross negligence; it 'must amount to an intentional choice, not merely an unintentionally negligent oversight.'" James v. Harris Cty., 577 F.3d 612, 617-18 (5th Cir. 2009)(quoting Rhyne v. Henderson Cty., 973 F.2d 386, 392 (5th Cir. 1992)).

Here, the summary judgment evidence establishes that Vasquez had no knowledge of any facts from which an inference of excessive risk to plaintiff's safety could be drawn. Vasquez was not aware that plaintiff was in any danger from another inmate or otherwise. In making an inspection at the start of his shift, he saw that plaintiff was bleeding and immediately called for medical assistance. That was his first knowledge about plaintiff's situation.

V.

Order

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on his claims against Vasquez; and, that plaintiff's claims

against Vasquez be, and are hereby, dismissed with prejudice.

SIGNED April 9, 2020.

JOHN McBRYDE
United States District Judge